UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cr-80054-Middlebrooks/Matthewman

UNITED STATES OF AMERICA,

v.

HENRY JOHN HATTENDORF,

Defendant.
_____/

FILED BY ___KJZ___ D.C.
Sep 28, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Donald M. Middlebrooks, DE 131, and the consent of the parties for a U.S. Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Henry John Hattendorf ("Defendant"). The Court held a change of plea hearing via Zoom videoconference on September 28, 2021, which was attended by Defendant, his counsel Scott Sakin, Esq., and Assistant U.S. Attorney Christopher Browne, Esq. The Court hereby advises as follows:

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court further advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1. The Court advised Defendant that he did not have to consent to the undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. A written plea agreement has been entered into by the parties in this case [DE 135]. This Court reviewed the plea agreement and had the Defendant acknowledge that he had reviewed and signed the plea agreement. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

4. Defendant acknowledged that he was fully satisfied with the services of his attorney, Mr. Sakin, and that he had full opportunity to discuss all facets of his case with his attorney.

5. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to Count One of the Superseding Indictment, which count charges that from in or around March 2015, through in or around December 2015, in the Southern District of Florida, and elsewhere, Defendant conspired with Alexander Robert Xavier, Robert Michael Wann, and Timothy "Guy" Castracane to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349.

6.   The parties filed a Plea Agreement [DE 135], made part of the record and both signed by Defendant, defense counsel, and the Government. The Plea Agreement, as orally supplemented by the prosecutor at the change of plea hearing, includes all of the essential elements of and factual support for the offense to which Defendant pled guilty. Defendant acknowledged that the written proffer and oral proffer were true and correct.

7.   Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

FINDS that Defendant is fully competent and capable to waive his guaranteed right to be present, in person at today's proceeding, and to consent to appear by video teleconference at today's proceeding;

That Defendant understands the nature of these proceedings and his guaranteed right to be present, in person, at this proceeding;

That Defendant has knowingly and voluntarily waived his guaranteed right to be present in the Courtroom for today's hearing;

That due to the COVID 19 pandemic and based upon the CARES Act and the Administrative Orders of this Court, and in light of Defendant's fully informed and voluntary waiver, the Court finds that today's plea hearing could not be further delayed without serious harm to the interests of justice and therefore this proceeding was held by video teleconference; and

FINDS and RECOMMENDS that Defendant, Henry John Hattendorf, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Count One of the Superseding

Indictment (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter. Sentencing is currently set for December 2, 2021 at 11:00 a.m. before the Honorable Donald M. Middlebrooks, United States District Judge.

## NOTICE OF RIGHT TO OBJECT

In light of the upcoming jury trial scheduled for October 4, 2021, the Court finds it necessary and appropriate to shorten the time for any objections to this Report and Recommendation pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, a party shall file written objections, if any, to this Report and Recommendation with United States District Judge Donald M. Middlebrooks by 9:00 a.m. on October 4, 2021. *See* 28 U.S.C. § 636(b)(1)(C) and S.D. Fla. Mag. Jdg. R. 4(a). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of September, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge